THOMAS J. BUFORD, RESPONDENT, *v.* THE NEW YORK LIFE INSURANCE COMPANY, APPELLANT.

CONTRACT OF INSURANCE—WARRANTY.—A warranty in insurance is part of the contract, evidenced by the policy, and is a binding agreement that the facts stated are strictly true.

IDEM—REPRESENTATIONS BY APPLICANT NOT A PART OF THE CONTRACT.—A representation is a statement in regard to a material fact made by the applicant for insurance to the insurer, with reference to a proposed contract of insurance. They are not part of the contract, but merely collateral to it. It is sufficient if representations be substantially true, while warranties must be strictly complied with.

PLEADING WARRANTIES.—Warranties are conditions precedent and their truth must be pleaded by the assured, upon whom the burden of proving them rests.

REPRESENTATIONS—FALSITY OF, MATTER OF DEFENSE.—The falsity of representation is matter of defense to be pleaded and proved by the insurer.

APPEAL from Marion County.

The complaint alleges that a policy of insurance was issued by the New York Life Insurance Company to Thomas J. Buford, on the life of his brother, Albert C. Buford; that all the conditions of the contract concerning it have been performed on the part of respondent and the said Albert C. Buford.

The answer admits the issuance of the policy for the consideration and in pursuance of the application named in the complaint, and sets out in full some of the questions and answers contained in said application, and alleges that said questions and the answers thereto are warranties, and that the answers to the questions, so set forth, are untrue, and the policy thereon void.

The questions and answers set out are as follows:

13. Has the party (meaning the said Albert C. Buford) ever been seriously ill? If so, with what complaint, and who was his medical attendant? (State the name and residence.) Answer. No.

14. Is the said party (meaning the said Albert C. Buford) now in good health? Answer. Yes.

23. Has any proposal to insure the life of said party (meaning the said Albert C. Buford) ever been declined? If so, by what company? Answer. No.

24. Has any proposal or application to insure the life of said party (meaning the said Albert C. Buford) ever been made to any company or agent upon which a policy has not been issued? If so, state particulars. Answer. No.

25. Has any physician given an unfavorable opinion upon the life of the said party (meaning the said Albert C. Buford) with reference to life insurance? If so, state particulars. Answer. No.

35. Is the party aware that any untrue or fraudulent answer to the above questions, referring to the questions in said application, and including those hereinbefore set forth, or any suppression of facts in regard to the party's health, will vitiate the policy and forfeit all payments made thereon? Answer. Yes.

And with a full knowledge and understanding of the effect of said questions and answers last aforesaid, the said plaintiff made the following declaration, agreement and warranty: "I do hereby declare that the age of Albert C. Buford above named, does not now exceed twenty-four years; that he is now in good health, and does ordinarily enjoy good health, and in the above proposals I have not withheld any material circumstance or information touching the past or present state of health or habits of life of said person with which the trustees of the New York Life Insurance Company ought to be made acquainted. And I do hereby agree that the statements and representations contained in the foregoing application and declaration shall be the basis of the contract between me and the said company, the truthfulness of which statements I do hereby

warrant, and if any of them are in any respect untrue, the policy which may be issued hereon shall be void."

The replication denies that the questions contained in said application were or are warranties, or that the answers to the questions specified in said answer were or are untrue, or that said policy was or is void.

The facts are stated in the opinion of the Court.

*Mallory & Shaw,* for Appellants.

The answers to the questions contained in the application for a policy of insurance, when made a part of the policy, are warranties, and must be strictly and literally true. To be substantially true is not sufficient. (*Vose* v. *The Eagle Life & Health Ins. Co.,* 6 Cush. 42; *Kelsey* v. *The Universal Life Ins. Co.,* 35 Conn. 225; *Miles* v. *Connecticut Mutual Life Ins. Co.,* 3 Gray, 580; *Campbell* v. *New England Mutual Life Ins. Co.,* 98 Mass. 389 and 403; *Frost* v. *Saratoga Mutual Ins. Co.,* 5 Denio, 154, 155; *McDonald* v. *Law Union Co.,* England, Court of Q. B., cited from November number Insurance Review, p. 98; The Insurance Chronicle of New York, May number, 1874, p. 308, citing from the London Review of April 25, *McDonald* v. *The Law Union Fire & Life Ins. Co.;* 6 Amer. R. 657; 30 Iowa, 119; 10 Amer. R. 176–7; 12 Iowa, 382–3; 6 Wend. 494, note "a;" 7 Wend. 80; 5 Hill, 193; 2 Denio, 75; 6 Cow. 673; 13 Conn. 544.)

*Thayer & Williams,* for Respondent.

The answers were not warranties, because contained in the application which was made a part of the policy; they might be statements or representations only, though incorporated into and forming a part of the policy. If they are warranties, it is because they are made so by the agreement, and not because they constituted a part of it. (*Miller* v. *T. B. M. I. Co.,* 31 Iowa, 227; *Price* v. *P. M. L. I. Co.,* 17 Me. 497; 3 Kent Com. 281; 2 Pars. on Con. 431; 1 Phillips on Ins., §§ 871, 893; *Campbell* v. *N. E. M. L. I. Co.,* 98 Mass. 381.)

It does not require a literal fulfillment of a warranty, but

a substantial compliance with its terms; the answers must be reasonably and substantially true, within the intent and meaning of the parties, and this of necessity leaves some element of materiality to enter into the consideration of the jury. The language of the warranty must be limited by them within the scope and object of the contract. (13 Wallace, 222; 41 Georgia, 338; 5 Am. R. 535, S. C.; *Price* v. *P. M. L. I. Co.*, 17 Minn. 497 S. C.; 10 Am. R. 166; 2 Pars. on Contracts, 466, 471; *L. F. I. Co.* v. *McCulloch*, 21 Ohio St. 176; *Calt* v. *T. P. F. I. Co.*, 54 N. Y. 595; *Williams* v. *T. F. F. I. Co.*, 54 N. Y. 569; *Wells* v. *T. C. M. L. I. Co.*, 48 N. Y. 34.)

The court is not bound to give instructions, though requested to do so, which are embraced within the general charge. (*Railway Company* v. *Whittore's Adm.*, 13 Wallace, 270, 290; *Patterson* v. *Konutz*, 63 Penn. St. 246; *Fay* v. *O'Neill*, 36 N. Y. 11; *Taber* v. *Cooper*, 7 Wallace, 566; *Price* v. *Alexander*, 2 Green's Iowa, 435: *Conway* v. *Duan*, 45 Cal. 608.)

The instructions should be based upon the whole case. The practice of singling out in instructions specific acts, and asking the court to say, as matter of law, that if such acts are established there can be no recovery, is not permissible. (*Mayers* v. *Pacific R. R. Co.*, 45 Missouri, 137; *First Nat. Bank* v. *Currie*, 44 Missouri, 91; *Mutual Benefit Life Ins. Co.* v. *French* (Cincinnati), 321; *Stoey* v. *Cobbs*, 36 Ill. 349; *McCartney* v. *McMullin*, 38 Ill. 240; *Finn et al.* v. *St. L. P. S. et al.*, 39 Mo. 67.)


By the Court, PRIM, J.:

The respondent recovered a judgment in the court below in the sum of $2666, and costs and disbursements, from which appellant has appealed to this Court.

At the trial in the court below, the appellant asked the court to instruct the jury as follows:

1. That the answers by the plaintiff to the printed questions contained in the application to the insurance company for a policy of insurance, when such application is made a

part of the policy, are warranties, and must be true as stated, or the policy will be void.

2. If the jury shall find from the evidence that in the plaintiff's application for the policy upon which this action was based, the following question was contained: "23. Has a proposal to insure the life of the said party ever been declined? If so, by what company?" and shall find that the answer to said interrogatory was "No," and shall find that a proposal to insure the life of said Albert C. Buford had been declined by another company prior to the time of making said answer, then the policy which was issued on said application was void.

3. If the jury find, from the evidence, that among the interrogatories in the application of the plaintiff, upon which the policy of insurance upon which this action is based issued, there was the following question, to wit: "24. Has any proposal to insure the life of said party ever been made to any company or agent upon which a policy has not been issued? if so, state particulars;" and, if the jury find that a proposal or application to insure the life of the said Albert C. Buford had been made to another company or agent, upon which a policy had not been issued before the application was made to defendant for the policy on which this action is brought, and that said proposal had been made, and a policy had not been issued by such other company, then said answer is not true, and the policy issued on said application is void.

4. If the jury find, from the evidence, that in said application the following question was contained, to wit: "25. Has any physician given an unfavorable opinion upon the life of the party, with reference to life insurance? if so, state particulars;" and, if they find that the answer to said question was "No," and if they find that a physician had given an unfavorable opinion upon the life of the said party, with reference to life insurance, which fact, and the particulars thereof, were not stated in said answer, then said answer was untrue, and the policy issued upon said application was and is void.

These instructions were all refused by the court below, to

which ruling appellant excepted and assigns in this Court as error.

Instruction No. 1 we think was erroneous and properly refused.

The court was asked in that instruction to submit to the jury the question whether the application for the policy of insurance had been made a part of the policy by the agreement of the parties.    That was a matter with which the jury had nothing to do.    Both the application and policy were in writing, and it was not only the province but the duty of the court to examine those papers and construe them, and then instruct the jury whether the statements contained in the application and the declaration subjoined thereto were warranties or representations, and how they were to be considered by the jury.

A warranty in insurance is defined "to be a part of the contract evidenced by the policy, and a binding agreement that the facts stated are strictly true."    (1 Phillips on Insurance, 754–756; Flanders on Insurance, 204–205.)

A representation in insurance is defined by the authorities to be "a statement in regard to a material fact made by the applicant for insurance to the insurer, with reference to a proposed contract of insurance.    As representations simply, they are not a part of the contract of insurance," but merely collateral to it.    (1 Phillips on Insurance, § 524; 17 Minn. 504.)

It is held by the authorities generally that "it is sufficient if representations be substantially true, while a warranty must be strictly complied with."

In 12 Cushing (416), Chief Justice Shaw, in illustrating the distinction between a warranty and representation, said: "The difference is most essential.    If any statement of fact, however unimportant it may have been regarded by both parties to the contract, is a warranty, and if it happens to be untrue, it avoids the policy.    If it be construed as a representation and is untrue, it does not avoid the contract, if not willful, or if not material."    (31 Iowa, 227; 98 Mass. 387; 17 Minn. 504; 1 Phillips on Insurance, 534.)

A false warranty avoids a policy, while a false representa-

tion does not, unless it relates to something material in fact or made so by the contract of the parties.   Warranties are conditions precedent, and their truth must be pleaded by the assured, upon whom the burden of proving the same rests, "whereas the falsity of representations is matter of defense to be pleaded and proved by the insurer."   (17 Minn. 505; 98 Mass. 381.)

The declaration subjoined to the application for the policy of insurance issued in this case contains the following agreement: "And I do hereby agree that the statement and representations contained in the foregoing application and declaration shall be the basis of the contract between me and the said company, the truthfulness of which statements I do hereby warrant, and if the same, or any of them, are in any respect untrue, the policy which may be issued hereon shall be void."

The policy issued by said company contains the following provision: "In consideration of the statements and representations submitted to its officers at the home office, and contained in the written application for this policy, and in the declaration thereto subjoined (all of which statements and representations have been and are hereby warranted by the applicant to be true, and are by the parties hereto referred to and made a part of the contract), upon the faith of which statements and representations this policy issued." The policy contains the further provision that "if any of the statements or representations herein above in the first paragraph of this policy referred to, shall be found in any respect untrue, then and in every such case this policy shall be null and void."

Thus it will be seen that the statements and representations, contained in the application of plaintiff for a policy of insurance, were made warranties by the express agreement of the parties.

Instructions numbered two, three and four, which the defendant requested the court to give, we think were improperly refused.

But it is insisted by respondent that instruction number two is incorrect in two important particulars.   1. Because

the evidence shows clearly that no company had ever declined a proposal to insure the life of Albert C. Buford; that there was no conflict in the testimony on that point. 2. That it permitted the jury to find "that if a proposal to insure the life of Buford had been declined by another company," the policy was void.

In answer to the first proposition we say that the instruction was pertinent, if there was any testimony tending to show that a proposal to insure the life of said party had been declined by another company.   Whether the evidence was sufficient to establish the fact, was a question to be submitted to, and passed upon, by the jury and not by the court.   As to the second objection, we think it was proper to instruct the jury that the policy was void, if they found from the evidence, that a proposal to insure the life of Albert C. Buford had been *declined* by another company prior to the time of making said answer.   But it is further claimed, by respondent, that these instructions were substantially embraced in the general instructions given by the court, and therefore it was not error to refuse the special instructions asked.   This proposition is correct, if true in fact; but, on looking into the general instructions given by the court, so far as reported in the bill of exceptions, we think they fail to cover the instructions asked and refused. The court instructed the jury as follows: "That insurance companies have a right to propose such questions to applicants for policies, as are contained in said application, and it is the duty of the person making the application to answer truly; that the company have a right to know whether a person applying for a policy has ever been rejected by another company, or whether any physician has ever given an unfavorable opinion upon the life of a person, with reference to life insurance, and to know all the circumstances concerning the same.   Such inquiries are material and should be truly answered."   While the instructions given by the court were correct thus far, yet they fail to cover fully the instructions asked by appellant in this: the jury was told that insurance companies had a right to ask such questions of persons making applications for policies of

insurance; that such questions were material, and should be truly answered by such applicants; but failed to inform them that if such questions were not answered truthfully, it would avoid the policy.

It appears, however, that the court instructed the jury, in connection with what is quoted above, as follows: "That any false answer, to be a breach of warranty of the assured, must be in reference to some matter that is a material inquiry, and of its materiality the jury may determine under the instructions of the court; and if they believe from the evidence, that the company, the defendant in this action, would have issued the policy if the answers to the interrogatories were untrue in some immaterial respects, the same as they would have done if the answers had been strictly and literally true, that then the plaintiff might recover.

"That the court knew no reason why any different rule should obtain, in regard to a policy of insurance, than was applicable to a warranty in the case of the sale of a horse: That, to make such a warranty affect the validity of the sale, it must be in reference to some material matter which the other contracting party, by the rules of fair dealing, would have the right to expect the warranting party to truly disclose."

By an examination of these instructions it will be seen that the court, instead of instructing the jury that if they found, from the evidence, that the answers to the interrogatories contained in the application were untrue, that then the policy was void, did instruct that they might find for the plaintiff, if they believed that the company would have issued the policy, notwithstanding the answers to said interrogatories were untrue in some immaterial respects.

It follows, from the views herein expressed, that the judgment must be reversed, and the cause remanded to the court below for a new trial.