Argued June 27, reversed and remanded July 30, rehearing denied September 10, 1918.

# DAVIDSON *v.* SECURITY LIFE INSURANCE COMPANY.

(174 Pac. 154.)

**Insurance—Life Policy—Reinstatement—Application—Warranties.**

1. Application for reinstatement of lapsed life policy, whereby insured warrants certain things, enters into and modifies the reinstated policy, though the application for insurance and original policy declared his statements representations and not warranties, in the absence of fraud.

[As to warranties and representations in insurance and their effect, see notes in 16 Am. Dec. 462; 59 Am. Rep. 816.]

From Lane: GEORGE F. SKIPWORTH, Judge.

Department 2.

This is an action to recover upon a policy of insurance upon the life of William H. Davidson. It is alleged in the complaint that the contract of insurance was executed on March 15, 1913, in which plaintiff was

named as the beneficiary; that the insured died on November 17, 1915, having paid all premiums according to the terms and conditions of the policy, and having complied with all of the terms and conditions thereof; that thereafter plaintiff duly notified defendant of the death, furnished the required proofs thereof, and duly performed all the duties and kept all the conditions upon her part, and that defendant has refused to pay the sum of $1,000, as agreed, or any part thereof.

The answer, after some denials and admissions, pleads affirmatively that under and pursuant to terms of the policy, William H. Davidson paid the premiums as specified in the contract, up to the fifteenth day of September, 1914, and thereafter allowed the policy to lapse; that on the tenth day of March, 1915, he presented himself to the medical examiner of defendant for examination upon his application for reinstatement of the policy, and was subjected to certain questions as to his then physical condition and health; that at that time he practiced fraud upon the defendant and the medical examiner in that he falsely stated that since the date of his original examination for such policy, he had had no sickness, ailment or injury except a severe cold in August, 1914, of four days' duration, and that he had not been attended nor prescribed for by any physician since for said policy, except by Dr. Garnjobst (the medical examiner), for the severe cold already mentioned, and that the insured warranted the truth of said statements, and further warranted that he was then of sound constitution and in good health, and ratified and confirmed the statements made in his original application for said policy, and agreed that if any of the statements or representations contained in said application for reinstatement should

prove to be incomplete or untrue then said reinstatement should be *ipso facto* null and void; that said Davidson practiced fraud upon the medical examiner by substituting for examination urine other than his own.   It is then averred that the statements of the applicant were false and untrue, and known by him to be so, in that, the applicant was then afflicted with a serious malady known as diabetes mellitus, and that theretofore, and during the time that the premiums were in default, he had consulted physicians who had advised him that he was so afflicted and had treated him therefor; that he knew that his said statements were false, and made them, and concealed his true condition for the purpose of deceiving the defendant and securing the reinstatement of the policy.   Defendant then pleads its reliance upon Davidson's false statements, and alleges that if it had known the truth it would not have reinstated the policy; that thereafter the applicant's physical condition grew worse, and on November 17, 1915, he died of diabetes mellitus.   Defendant then makes a tender of the premiums paid upon the attempted reinstatement and asks for judgment.

The reply admits the lapse of the policy and the reinstatement thereof, and otherwise consists of denials. A trial was had to a jury, resulting in a verdict and judgment for plaintiff and defendant appeals.

REVERSED AND REMANDED.   REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Chester G. Murphy* and *Messrs. Smith & Bryson,* with an oral argument by *Mr. Murphy.*

For respondent there was a brief over the names of *Mr. J. S. Medley* and *Mr. J. N. Devers,* with an oral argument by *Mr. Medley.*

BENSON, J.—1. The assignments of error challenge the action of the trial court in the giving of certain instructions to the jury and in its refusal to give certain requested instructions. The court charged the jury upon the theory that the statements made by the insured at the time of the reinstatement of his policy were representations and not warranties, while the instructions requested by the defendant and refused by the court were framed upon the hypothesis that the statements of the decedent in his application for reinstatement, regarding his physical condition and health were warranties, which, if not strictly true, would render the policy void. The following excerpts from the charge as given to the jury illustrates the view of the trial court as to the law:

"These alleged facts are denied by the plaintiff and there are therefore questions of fact for you to decide. First, as to whether at the time of making application for reinstatement the insured William H. Davidson was afflicted with diabetes, and second, whether the insured knew at said time he was afflicted with diabetes, and third, if he was afflicted with diabetes, did he fail to disclose this fact, if it was a fact, to the examining physician, Dr. Garnjobst? I instruct you, gentlemen of the jury, if you find by a preponderance of the evidence, that at the time William H. Davidson made application for reinstatement in the defendant company, he was afflicted with diabetes mellitus, and if you find that he knew he was so afflicted, or had reason to believe that he was afflicted with said disease, and if you find that he did not disclose this fact, if it was a fact, to the examining physician, then plaintiff cannot recover, and it would be your duty to return into court a verdict for the defendant.

"If, however, you find from the evidence, that at the time William H. Davidson made application for reinstatement in the defendant company, he was in fact afflicted with diabetes mellitus, and if you further

find that at said time said insured did not know or have reason to believe that he was afflicted with said disease, if he was so afflicted, then the plaintiff would be entitled to recover a verdict at your hands.

"If the insured did not in fact, at the time of making said application, have diabetes, then plaintiff would be entitled to recover."

Defendant's contention is well illustrated in the following requested instructions which were refused:

"The court instructs the jury that if the insured, William H. Davidson, was not in sound health on the tenth day of March, 1915, when he applied and was examined for reinstatement on his policy of insurance, the defendant is entitled to a verdict at your hands.

"The court instructs the jury that 'sound health,' as used with reference to life insurance, means that state of health free from any disease or ailment that affects the general soundness and healthfulness of the system seriously.

"The court further instructs the jury that if you find from the evidence that the said William H. Davidson, on the date of his application and examination for reinstatement on his policy, was not in sound health, but did not know it, you must, nevertheless, find for the defendant."

The policy itself contains this sentence:

"All statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall void this policy unless it is contained in the application therefor."

And the application itself contains the following clause:

"It is hereby agreed that all the statements made herein (part one), and in any amendments or supplements hereto, and also those I make to the Company's Medical Examiner (part two), which are hereby made a part of this application, are full, complete and true, and shall, in the absence of fraud, be deemed repre-

sentations, and not warranties, and are offered to this company as a consideration for the policy applied for, etc.''

Again, at the close of ''part two'' of the same application is found the following:

''It is hereby agreed that the foregoing statements and answers, made to the Company's Medical Examiner, are full, complete and true, and shall, in the absence of fraud, be deemed representations and not warranties, and are offered to the Company as a consideration for the contract, and to complete the application for insurance heretofore made.''

Keeping these provisions of the original contract in mind, and that from the fifteenth day of September, 1914, to March 10, 1915, there was a default in the payment of premiums, and that by its terms the policy had lapsed, we find the insured applying for a reinstatement of the policy. The first sentence of the application therefore reads thus:

''Whereas, Policy No. 27137, issued on my life by the Security Life Insurance Company of America (Inc.), lapsed by reason of the nonpayment of a premium due on the 15th day of September, 1914, I hereby make application for the reinstatement of said policy and warrant as follows: That, since the day of my examination for the above numbered policy I have had no sickness, ailment or injury whatever, except''; complaint, ''severe cold,'' date, ''August, 1914,'' duration, ''4 days.''

Then after some further statements, there occurs this statement:

''I further warrant and declare that I am of sound constitution, temperate habits, and am in good health, and that my occupation is farming and dairying.''

The concluding paragraph contains this clause:

"I further agree that said policy shall not be revived until this application shall be approved in writing by the President, Secretary or Medical Director of the company, * * and that if any of the statements or representations contained herein shall prove to be incomplete or untrue then this reinstatement shall be *ipso facto* null and void."

It will be observed that in the execution of the original contract the parties thereto expressly agree that, in the absence of fraud, the statements of the applicant shall be deemed representations and not warranties, but that when they come to the making of an agreement for the revival of that contract, after its death had been accomplished by the default of the insured, it is expressly agreed that the applicant's statements as to the present condition of his health shall be warranties, and when they stipulate that this later agreement shall become a part of the policy as revived, they carry into that resurged instrument a covenant to the effect that the applicant's statements are warranted to be correct. A warranty in insurance enters into and forms a part of the contract itself. An eminent authority expresses it in these words:

"By an express warranty the insured stipulates for the absolute truth of his statements. Good faith and honest purpose will not excuse error. The statements must be entirely true, or the warranty is not fulfilled. * * Where an insured makes the truth of the statements contained in his application the basis of his contract of insurance, the question whether or not a false statement is actually material to the risk is unimportant, as is also the question whether or not the falsehood was intentional. To avoid liability it is sufficient for the insurer to show that the statement was actually untrue": Kern on Insurance, 321.

This doctrine is approved in *Buford* v. *N. Y. Life Ins. Co.,* 5 Or. 334.

If the charge of misrepresentation had been based upon the original application, a different conclusion might have been reached, but the agreement for revival of the policy is a later agreement, modifying to that extent the terms of the original. We conclude that the trial court erred in giving the instructions of which complaint is made, and the judgment is therefore reversed and the cause remanded for a new trial.

REVERSED AND REMANDED. REHEARING DENIED.

McBRIDE, C. J., BEAN and JOHNS, JJ., concur.