Submitted on briefs June 15, affirmed June 29, rehearing denied July 30, 1926.

## F. MANSON WHITE v. M. PALLAY.

(247 Pac. 316.)

**Appeal and Error.**

1. Disputed fact questions are settled by trial court's findings, which are tantamount to verdict.

**Contracts.**

2. Architect, in preparing plans and specifications, must possess and exercise care and skill of those ordinarily skilled in business, but otherwise he is liable in damages for defects in plans and cannot recover compensation.

**Contracts.**

3. Warranties must be complied with strictly and be true as stated at all hazards.

**Contracts—Architect, Having Exercised Reasonable Care and Diligence in Examining Building Site and Preparing Plans and Specifications, is not Liable in Damages for Defective Foundation.**

4. Architect must act with reasonable diligence in performing duties, and, having exercised such care and diligence in examining

---

1.   See 2 R. C. L. 202.
2.   See 2 R. C. L. 400.

building site and preparing plans and specifications, is not liable in damages for defective foundation.

**Work and Labor—Architect Could Regard Contract of Employment as Rescinded and Rely on Quantum Meruit on Failure to Employ Him in Erection of Another Building in Consideration of Reducing Fee.**
5. On nonperformance of agreement with architect to employ him as such in erection of another building in consideration of his reducing fee, he could regard contract as rescinded and rely on *quantum meruit* in action for compensation.

Architects, 5 **C. J.**, p. 270, n. 33, p. 275, n. 84.

From Multnomah: WALTER H. EVANS, Judge.

In Banc.

AFFIRMED.  REHEARING DENIED.

For appellant there was a brief over the name of *Mr. Thomas Mannix.*

For respondent there was a brief over the name of *Messrs. Lewis, Lewis & Finnigan.*

BURNETT, J.—The substance of the complaint is that between certain dates, at the special instance and request of the defendant, the plaintiff performed for the defendant certain services as an architect in the preparation of sketches, drawings, plans, details and specifications for the erection of a building in Portland, and in superintending the construction thereof. He further claims that the reasonable value of the services performed was $3,545.55, no part of which has been paid except $1,250, and he demands judgment for the balance. The defendant contends that the employment of the plaintiff, as architect, was for the agreed sum of $2,500 and that, in drawing the plans and specifications for said building, the plaintiff did not exercise ordinary skill in certain particulars whereby the defendant was compelled to

and did incur extra expense in correcting the defects in them, which mainly related to the foundation of the building, and he claims damages for the result in a sum greatly overbalancing the claim of the plaintiff. The new matter in the answer was controverted by the reply. The case was heard before the court without a jury and the result was findings of fact and conclusions of law in favor of the plaintiff for the full amount claimed. From the ensuing judgment on the findings, the defendant appealed.

1. The disputed questions of fact are settled by the findings which are tantamount to a verdict. Without dispute, after construction of the building had proceeded to a considerable extent, it began to settle and it became necessary to take measures to arrest this condition. Accordingly, the walls were shored up by means of jackscrews, and the like; the foundation was enlarged and its strength increased, all at a necessary expense of about $1,700.

2. The theory of the defendant is that he contracted for plans and specifications which, when carried out, would produce a certain agreed result. In substance, his position is that the plaintiff warranted that his plans and specifications would produce that result, and because they failed and required amendment and betterment of the foundation became necessary, the plaintiff must respond in damages.

The rule on this subject is thus stated in 5 C. J. 269:

"In the preparation of plans and specifications the architect must possess and exercise the care and skill of those ordinarily skilled in the business; if he does so he is not liable for faults in construction resulting from defects in the plans, as his undertaking does not imply or guarantee a perfect plan

or a satisfactory result, it being considered enough that the architect himself is not the cause of any failure, and there is no implied promise that miscalculations may not occur. Where, however, the architect does not possess and exercise such care and skill he will not only be liable in damages for defects in his plans, but he cannot recover compensation for them.''

It is out of place at this juncture to review the testimony and quote therefrom. The trier of the fact, the judge before whom the case was heard without a jury, has determined the facts by his findings and, although there may be room for dispute in the declarations of the witnesses, we can only say that there is evidence supporting the conclusions reached by the judge who heard the case.

3. There is nothing in the record indicating that the plaintiff gave any warranty as to the results of his plans and specifications. Warranties must be complied with strictly and must be true as stated at all hazards: *Buford* v. *New York Life Ins. Co.*, 5 Or. 334; *Chrisman* v. *State Ins. Co.*, 16 Or. 283 (18 Pac. 466); *Davidson* v. *Security Life Ins. Co.*, 89 Or. 405 (174 Pac. 154).

4. The precedents cited by defendant treat the question of the liability of the architect as one of fact and holds that he must act with reasonable diligence in the performance of his duties. The great weight of authority is that this is the measure of the duty of the architect. In the instant case, the question is about whether the foundation of the building was sufficient, considering the nature of the ground upon which it was erected, and there is testimony from which the trier of the fact could determine that the plaintiff exercised reasonable care and diligence in the examination of the site and in the preparation

of his plans and specifications. This being true in point of fact, as found beyond our power to gainsay, the plaintiff performed his full duty and is not liable in damages.

5. As to the amount of recovery, there is testimony authorizing the finding to the effect that there was some negotiation after the building had been partly erected substantially that if the defendant would employ the plaintiff as architect in the erection of another building then in contemplation of the former, the plaintiff would reduce his fee to $2,500, but that the defendant erected the other building without in anywise employing the plaintiff. The defendant not having performed his agreement connected with the reduced fee, the plaintiff had a right to regard the contract on that subject as rescinded and to rely upon the *quantum meruit* upon which he sued.

The judgment of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED.